**FILED**

August 10 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0008

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 173N

DAN CONRAD BOECHLER,

      Petitioner and Appellant,

v.

NELDA ANN ST. CLAIR VORCE,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 97-0873
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Dan Conrad Boechler (Self-Represented), Billings, Montana

      For Appellee:

            Shawn P. Cosgrove, Parker, Heitz & Cosgrove, PLLC, Billings, Montana

Submitted on Briefs: June 23, 2010

Decided: August 9, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Dan Conrad Boechler (Dan) appeals from a Final Decision and Order of the Thirteenth Judicial District Court. The District Court denied Dan's motion to increase the amount of child support and for an award of late fees. Furthermore, the District Court rejected Dan's attempt to obtain an accounting of certain assets held by Nelda Ann St. Clair Vorce (Nelda) which Dan claimed belonged in part to their son Kenn Boechler (Kenn). We affirm.

¶3 The marriage of Dan and Nelda was dissolved by the District Court in August 1997. At the time their son Kenn was 6 years old. Kenn is now 19. After their dissolution, Dan and Nelda stipulated to a parenting plan. Nelda eventually moved to Nevada, while Dan and Kenn remained in Montana. Dan became the custodial parent and Nelda paid child support.

¶4 The District Court found that the amount of child support was gradually increased over the years by the agreement of the parties. In February 2008, the amount was increased to $975 per month. Nelda paid Dan twice a month through withholding out of her paycheck. The District Court found that the parties had agreed to this course of

2

dealing over the years and that this system resulted in Dan receiving two extra half-payments each year.

¶5 In 1998, Nelda's father died in Billings, Montana. Dan claims that Nelda's father left some assets to Kenn prior to his death, over which Nelda subsequently assumed control. These assets included a truck, a riding lawnmower, and real property located in Wyoming. Nelda eventually sold the real property and allegedly retained the proceeds of the sale. Beginning in March 2007, Dan, in a self-represented capacity, attempted to gain access to these assets and obtain an accounting of their disposition by reopening litigation in the dissolution matter, claiming the assets were held in trust of the benefit of Kenn.

¶6 The District Court informed Dan, both in written orders and via letter, that it did not have jurisdiction over these assets. The Court advised Dan that he could not pursue the inheritance matters on Kenn's behalf in post-dissolution proceedings, and suggested that Dan pursue the claims on Kenn's behalf—or that Kenn do so directly—in a separate proceeding. The District Court also advised Dan to consult a lawyer in this regard.

¶7 Dan had also sought to hold Nelda in contempt of court for her alleged failure to make timely child support payments, and sought an award of late fees. The District Court found no merit in the argument, noting that Nelda always paid her fair share of the child support, and often times paid more than required. Furthermore, the District Court found that any alleged delay in payments was part of a course of dealing between Dan and Nelda to which both parties implicitly agreed.

¶8 Dan appeals from the District Court's decision, arguing it erred in dismissing his request for an accounting of the assets allegedly held by Nelda, and in denying his motion

3

for increased child support and late fees.  We generally review a district court's decision to modify an award of child support for an abuse of discretion.  *See In re Marriage of Williams*, 2009 MT 282, ¶ 14, 352 Mont. 198, 217 P.3d 67.  We review a district court's conclusions of law in the dissolution context to determine if they are correct.  *In re Marriage of Williams*, ¶ 14.

¶9      We conclude the District Court did not err in denying Dan's motion for late fees, his motion to increase child support, and his various motions to gain access to, and an accounting of, the assets held by Nelda and allegedly belonging to Kenn.  We concur with the District Court's determination that the property inheritance issues Dan wishes to pursue belong in a separate action outside the dissolution proceeding.  We further conclude the Court did not err in denying the balance of Dan's motions, given the facts before the District Court.

¶10     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  It is manifest on the record before us that the District Court did not err or abuse its discretion in denying Dan's various motions.  Affirmed.


/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON

4